(June 20, 1900.)

HAYS, ATTORNEY GENERAL, v. STEWART, JUDGE.

[61 Pac. 591.]

PRISONER—ESCAPE—DISTRICT COURT REFUSING TO TRY MANDAMUS.—
A prisoner who escapes while serving a term in the state prison may, before the expiration of his term, be tried for such escape under the provisions of section 6452 of the Revised Statutes of Idaho. Writ of mandate will issue to require a district court to proceed with a criminal case in such court, which is triable when such court refuses to proceed at all with said case.
(Syllabus by the court.)

Original proceeding for writ of mandate.

Samuel H. Hays, Attorney General, for Plaintiff.

Under the provisions of sections 4977 and 4978 of the Revised Statutes the writ of mandate is the proper method to bring this matter to the attention of this court. (13 Ency. of Pl. & Pr. 535; Rev. Stats., secs. 6452, 8435.) A party confined in the penitentiary has all of his rights as a witness. (Rev. Stats., secs. 8155, 8171.) We think under the following authorities that we are clearly entitled to this writ *People v. Flynn*, 26 Pac. 1114;

*People v. Majors,* 65 Cal. 138, 52 Am. Rep. 295; *People v. Hong Ah Duck,* 61 Cal. 391.)

Silas W. Moody, for Defendant, files no brief.

QUARLES, J.—One James Guy, while serving a term in the state prison, and before the expiration of such term, made his escape from said prison. He was retaken, whereupon an information charging him with such escape was filed by the county attorney of Ada county in the district court of the third judicial district in and for said Ada county, Honorable George H. Stewart, judge. Thereafter, and on March 2, 1900, said county attorney filed in said district court his affidavit showing such facts and moved that the defendant be brought before the court to plead, and that the case be proceeded with. Said district court denied said motion, refused to order said defendant brought before it, and refused to proceed with the case. To compel the said district court to proceed, plaintiff has commenced this proceeding, and demands the writ of mandate of this court requiring the said district court to take the plea of said defendant, James Guy, to said information, at the next term of said court, and proceed to try said defendant. Annexed to the petition as exhibits are copies of said information, motion, and affidavit. To the petition the defendant files a general demurrer. The only question before us is, Can the defendant be tried for such escape before the expiration of his original sentence?

Section 6452 of the Revised Statutes, is as follows: "Every territorial prisoner confined in the territorial prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the territorial prison for a term equal in length to the term he was serving at the time of such escape; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison." Construing this statute by the usual rules of construction, it is palpable that it was the manifest intention of the legislature that a prisoner who escapes from the state prison should be speedily tried for such escape, without awaiting the termination of his original term of imprisonment. This intent is evident from the language, "said second term of imprisonment to commence from the time he

Opinion of the Court—Quarles, J.

would otherwise have been discharged from said prison." The action of the district court, if affirmed, would nullify this statute, which was evidently enacted in behalf of the good government of the state prison, to deter prisoners from escaping, and in order to have a speedy trial while the witnesses, both for the state and the defendant, are accessible. The defendant has no just cause to complain, inasmuch as he is relieved from having to wait, in the county jail, the convening of the district court after his discharge at the end of his first term. We think the provisions of this statute are wise, and in the interest of good government. The trial of the defendant on the charge of such escape in no way interferes with the judgment of conviction under which he is imprisoned. The district court should have ordered the warden of the penitentiary to bring said defendant before it, received the defendant's plea, and proceeded with the case in all respects as if the defendant was in the county jail and in the custody of the sheriff, instead of being in the state penitentiary and in the custody of the warden of the penitentiary. During the trial the defendant should remain in the custody of the warden, the same as he would in the custody of the sheriff if he was confined in the county jail. The writ demanded should be granted and issued, and it is so ordered; no costs to be taxed against either party.

Huston, C. J., and Sullivan, J., concur.