742 P.2d 437

STATE of Idaho, Plaintiff-Respondent,

v.

Clifford Lynn MADDOCK, Defendant-Appellant.

Nos. 16717, 16718.

Court of Appeals of Idaho.

Sept. 1, 1987.

The Law Offices of Nick Chenoweth by Scott L. Wayman, Orofino, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

While serving a prison sentence for aggravated rape, Clifford Lynn Maddock escaped. He committed a nighttime burglary before he was apprehended. Upon Maddock's admissions of guilt, the district court imposed a five-year fixed sentence for the escape and a fifteen-year indeterminate sentence for the burglary. The court directed that the sentences be served concurrently with each other but consecutively to the existing rape sentence. The sole issue in these consolidated appeals is whether the escape and burglary sentences were excessive. We hold that they were not.

Our standards for sentence review are well settled and need not be repeated at length. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). It suffices to say that we presume, for the purpose of appellate review, that Maddock will serve at least five years in confinement on his concurrent sentences for escape and burglary, after the rape sentence is discharged. The question, then, is whether such an additional period of confinement is reasonable.

Maddock concedes that the district court was required to make the escape sentence consecutive to the rape sentence. I.C. § 18–2505; *State v. Mendenhall*, 106 Idaho 388, 679 P.2d 665 (Ct.App.1984). The court also possessed discretionary authority to make the burglary sentence consecutive to the rape sentence and concurrent with the escape sentence. I.C. § 18–308. In formulating these sentences, the district judge carefully examined Maddock's presentence report and listened to Maddock's explanation of his conduct. The record discloses that Maddock was born on March 14, 1963. From 1974 to 1983 he committed numerous burglaries, thefts and forgeries. In 1985, just one day after being paroled from a series of prison sentences, he committed the aggravated rape mentioned above. In 1986 he committed the offenses in question here.

Upon this record, the district judge noted that rehabilitation, deterrence and retribution all would be served by the sentences pronounced. The judge's analysis of these criteria was consistent with *State v. Toohill, supra.* Nevertheless, Maddock has argued on appeal that the sentences are excessive because of his youth, his desire to be free, and his rehabilitative potential. We are not persuaded. At age 23, Maddock was no mere stripling when he committed the instant offenses. Neither does the record portray him as a dullard. Rather, he was, and is, an intelligent adult fully responsible for his actions. His desire to be free is understandable, but it does not distinguish him from other convicted criminals and is of little moment here. His rehabilitative potential must be balanced against the other sentencing criteria properly considered by the district judge. The judge evidently gave rehabilitation some weight by making the fifteen-year burglary sentence indeterminate, preserving an opportunity for eventual parole.

Although the sentences are strict, we conclude that the district judge did not abuse his discretion. The judgments imposing the sentences are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.