IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39037

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | **2012 Opinion No. 53** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: October 25, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JACK CAHILL STEELSMITH, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order altering sentence at conclusion of retained jurisdiction, <u>affirmed in part</u> and <u>vacated in part</u>. Orders relinquishing jurisdiction and denying motion to reduce sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jack Cahill Steelsmith, Jr. appeals from his conviction for driving under the influence of alcohol and from certain post-judgment orders. Steelsmith asserts that the district court did not have authority at the end of a period of retained jurisdiction to add to his sentence by imposing a fine and court costs and suspending his driver's license. Steelsmith also asserts that the district court abused its discretion by relinquishing jurisdiction and by denying his Idaho Criminal Rule 35 motion to reduce his sentence. We affirm in part and reverse in part.

## I.

## BACKGROUND

Steelsmith pleaded guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(6). The district court sentenced him to a unified term of imprisonment of

1

ten years with two years fixed, ordered restitution in the amount of $310 to reimburse the State for the costs of a blood draw and lab fees, retained jurisdiction for 365 days pursuant to I.C. § 19-2601(4), and entered a judgment to that effect. At the sentencing hearing, the district court indicated that it would "defer imposition of costs, fines and other assessments," and "defer deciding on a driver's license suspension" until a review hearing to be held at the end of the period of retained jurisdiction. During the period of retained jurisdiction, Steelsmith was enrolled in programming to address his alcohol abuse, but was discharged because of poor performance. At the jurisdictional review hearing, the district court declined to place Steelsmith on probation, but did reduce his sentence sua sponte to a unified term of seven years with two years fixed. The district court also suspended Steelsmith's driving privileges for a period of three years pursuant to I.C. § 18-8005(6)(d); imposed a fine of $3,000 pursuant to I.C. § 18-8005(6); and ordered Steelsmith to pay fines, costs, and fees totaling $520.50 pursuant to I.C. §§ 18-8010, 19-854(c), 31-3201(3), (5), 31-3201A(2), 31-3201B, 31-3201H(1), 32-1410, 72-1025, and 72-1105. The court then relinquished jurisdiction. Steelsmith subsequently filed a motion to reduce his sentence, which the district court denied. Steelsmith appeals, asserting that the district court lacked jurisdiction to impose fines, costs, and a driver's license suspension at the jurisdictional review hearing. He also challenges the district court's decision to relinquish jurisdiction and the denial of his Rule 35 motion.

## II.

## ANALYSIS

### A. Sentence Modification

The first question presented is whether the district court could lawfully impose a fine, court costs, and suspension of Steelsmith's driving privileges at the end of the retained jurisdiction period, and thereby increase his sentence, months after his sentence of imprisonment had been imposed and a judgment of conviction entered.

We begin by noting that Idaho statutes and rules contemplate that a defendant's sentence will be encompassed within the initial judgment of conviction. For example, I.C. § 19-2513 provides that "[w]henever any person is convicted of having committed a felony," the court shall impose a sentence, whether that be a sentence of imprisonment or a suspended or commuted sentence or probation, unless the court withholds judgment as it is authorized to do under I.C.

2

§ 19-2601(3).[1] Likewise, Idaho Criminal Rule 33(b) provides that "[t]he judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."

Idaho appellate courts have long held that once a valid sentence has been put into execution, the trial court lacks jurisdiction to thereafter amend or modify the sentence unless a rule or statute authorizes such action.[2] *State v. McGonigal*, 122 Idaho 939, 940, 842 P.2d 275, 276 (1992); *State v. Johnson*, 101 Idaho 581, 585, 618 P.2d 759, 763 (1980); *McFarland v. Hunt*, 79 Idaho 262, 266, 313 P.2d 1076, 1078 (1957); *State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). A sentence is executed when the defendant is transferred to the custody of the Board of Correction. *McGonigal*, 122 Idaho at 940, 842 P.2d at 276; *Johnson*, 101 Idaho at 585, 618 P.2d at 763; *Williams*, 126 Idaho at 43, 878 P.2d at 217.

The State asserts, however, that Steelsmith's sentence was not executed until the district court relinquished jurisdiction, months after the sentencing hearing, and therefore the court continued to possess jurisdiction to enhance the sentence throughout the retained jurisdiction term. The statute authorizing a trial court to retain jurisdiction after sentencing, I.C. § 19-2601(4), provides that following a conviction the district court may:

> Suspend the execution of the judgment at any time during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days . . . . The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court.

---

[1] Idaho Code § 19-2513 states in part:
> Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided in chapter 26, title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction.

[2] We have previously explained that a precise use of the term "jurisdiction" refers only to either personal jurisdiction over the parties or subject matter jurisdiction, but that the term is often used more loosely to refer simply to a court's authority to take a certain action or grant a certain type of relief. *State v. Armstrong*, 146 Idaho 372, 375, 195 P.3d 731, 734 (Ct. App. 2008). For purposes of this appeal, it does not matter whether the district court's ability to modify a sentence is a true issue of jurisdiction or a matter of authority. In either case, once a valid sentence has been executed, a district court may not modify it unless a rule or statute so authorizes.

In interpreting this statute, we exercise free review. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history.

Contrary to the State's argument, by its plain language, I.C. § 19-2601(4) does not provide that execution of a sentence is *postponed* until the conclusion of the retained jurisdiction period. Rather, it allows the court to *suspend* the execution of the judgment after that execution has begun, at any point "during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction." That is, a sentence is in execution while a defendant is serving the sentence in the custody of the Board of Correction during the period of retained jurisdiction. The sentence remains in execution unless during the retained jurisdiction period, the court takes affirmative steps to suspend the sentence and place the defendant on probation. *See Williams*, 126 Idaho at 44, 878 P.2d at 218 (stating that a court may "suspend *further* execution of the judgment pursuant to Section 19-2601(4)" (emphasis added)).

The State relies upon language in *State v. Ditmars*, 98 Idaho 472, 473, 567 P.2d 17, 18 (1977), and *State v. Salsgiver*, 112 Idaho 933, 934, 736 P.2d 1387, 1388 (Ct. App. 1987), that implies that execution of a sentence is postponed until a court relinquishes jurisdiction under I.C. § 19-2601(4). However, the language upon which the State relies is dicta. The issues addressed in *Ditmars* and *Salsgiver* concerned whether a sentence is *imposed* when it is initially pronounced or when the court relinquishes jurisdiction, not whether the sentence is *executed* at that time. As noted above, in *McGonigal* and *Williams*, which were decided after *Ditmars* and *Salsgiver*, Idaho appellate courts held that a sentence is executed when the defendant has been

4

placed in the custody of the Board of Correction. Therefore, notwithstanding any dicta in *Ditmars* or *Salsgiver*, we hold that when the district court retains jurisdiction under Section 19-2601(4), the sentence is executed upon the transfer of the defendant to the Board of Correction, even though that custody is subject to possible subsequent suspension of the balance of the sentence. It follows that the district court was without power to increase Steelsmith's sentence after his transfer of custody to the Board of Correction unless a statute or rule authorized the court to do so.

The district court here was plainly of the view that Section 19-2601(4) itself authorized the court to increase Steelsmith's sentence at the jurisdictional review hearing. Thus, we are presented with the question whether this statute broadly extends a court's jurisdiction for all purposes, or whether it authorizes the sentencing court only to suspend the defendant's sentence and to place the defendant on probation during the period in which jurisdiction is retained.

The primary purpose of the statute is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation. *State v. Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010); *State v. Lee*, 117 Idaho 203, 205, 786 P.2d 594, 596 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). The only action that the statute authorizes the court to take during the period of retained jurisdiction is to "suspend the execution of the judgment and place the defendant on probation." We therefore conclude that when a court retains jurisdiction under I.C. § 19-2601(4), the extension of "jurisdiction" is limited to jurisdiction for the court to suspend the sentence of imprisonment and impose terms of probation. The statute did not authorize the court here to add fines, costs, and a driver's license suspension to Steelsmith's judgment of conviction after the judgment was entered and executed.

We must also consider, however, the effect of Idaho Criminal Rule 35(a), which authorizes a sentencing court to "correct a sentence that is illegal from the face of the record at any time."[3] If any of the additions to Steelsmith's sentence made by the district court at the end of the retained jurisdiction period were necessary to correct a sentence that was illegal, those

---

[3]     Idaho Criminal Rule 35 also permits the trial court to reduce a sentence within 120 days after the filing of the judgment of conviction or within 120 days after the court releases retained jurisdiction. That provision of the rule has no application here because the modifications made by the court to Steelsmith's sentence did not reduce it but, rather, enhanced it.

alterations were within the court's authority under I.C.R. 35(a). We conclude that the mandatory portion of the license suspension and the mandatory portion of the fines added by the district court fall within this Rule 35(a) authority because their prior absence from Steelsmith's sentence made the sentence illegal.

For persons who, like Steelsmith, have been convicted of driving under the influence pursuant to I.C. §§ 18-8004 and 18-8005(6), the latter subsection describes the applicable punishment. Section 18-8005(6)(d) specifies that the convicted person:

> Shall have his driving privileges suspended by the court for a mandatory minimum period of one (1) year after release from imprisonment, and may have his driving privileges suspended by the court for not to exceed five (5) years after release from imprisonment, during which time he shall have absolutely no driving privileges of any kind.

I.C. § 18-8005(6)(d). A suspension of driving privileges under this section is mandatory, and therefore Steelsmith's original sentence was illegal to the extent that it did not include a license suspension. However, only a one-year suspension is made mandatory by Section 18-8005(6)(d); any suspension of driving privileges beyond the one-year minimum is discretionary. Because Rule 35(a) permits a court to increase a sentence only insofar as necessary to correct an illegality, *see State v Mendenhall*, 106 Idaho 388, 394, 679 P.2d 665, 671 (Ct. App. 1984), it did not authorize a suspension of Steelsmith's license beyond the one-year mandatory minimum term.

Likewise, a part of the fines imposed at the review hearing were not mandatory and, therefore, could not properly be added after Steelsmith's original sentence was imposed and executed. Section 18-8005(6)(b) permits, but does not require, a fine of up to $5,000. Because this fine is not a mandatory component of the sentence under that section, the district court was not authorized to add the $3,000 fine to Steelsmith's sentence under Rule 35(a), and that fine must be vacated. However, fines were mandatory under three other sections. Idaho Code § 18-8010 provides, "Every person who is convicted, found guilty, pleads guilty or receives a withheld judgment for violating the provisions of this chapter shall be required to pay an additional fifteen dollars ($15.00) in addition to any other fine, penalty or costs the court may assess." Similarly, Idaho Code § 72-1025(1) specifies that in addition to any other fine which may be imposed upon each person found guilty of criminal activity, the court shall impose "a fine or reimbursement of not less than seventy-five dollars ($75.00) per felony count," and I.C.

6

§ 72-1105(2) requires "a fine in the amount of three dollars ($3.00) for each conviction or finding of guilt of each felony or misdemeanor count."[4] Steelsmith's original sentence was illegal to the extent that it did not include these three mandatory fines totaling ninety-three dollars. Consequently, the post-judgment addition of these fines was within the district court's authority under I.C.R. 35(a).

The district court also added certain costs and fees to Steelsmith's judgment at the review hearing. These were not authorized by I.C.R. 35(a) because, although some of these sums are mandatory unless waived due to indigency, *e.g.*, I.C. § 31-3201B, costs and fees are not a part of the defendant's sentence, for they do not constitute punishment for the offense. They are more in the nature of fees used to finance the courts and other state and local government operations. Because costs and fees are not part of a defendant's sentence, the district court was not authorized to add them by I.C.R. 35(a), and we have not been directed to any other statute or rule that authorizes the post-judgment addition of costs and fees in a criminal case. Therefore, the costs and fees that were imposed pursuant to I.C. §§ 19-854(c), 31-3201(3), (5), 31-3201A(2), 31-3201B, 31-3201H(1), and 32-1410 must be vacated.

## B.    Double Jeopardy

Steelsmith also asserts that the modifications of his sentence violated constitutional prohibitions against double jeopardy. Therefore, we must consider whether the correction of Steelsmith's original sentence to include a one-year driver's license suspension would subject him to double jeopardy. This issue does not detain us long, for it is "well established that a defendant's constitutional protection against double jeopardy is not infringed by a corrected sentence which carries a heavier penalty than a previously imposed, illegal sentence." *Mendenhall*, 106 Idaho at 395, 679 P.2d at 672. *See also Bozza v. United States*, 330 U.S. 160 (1947) (holding that the imposition of a mandatory fine that had been inadvertently omitted from the original sentence "did not twice put petitioner in jeopardy for the same offense"). Accordingly, because the additions of a license suspension and mandatory fines were necessary to correct an illegality in Steelsmith's sentence, those additions did not violate a constitutional prohibition against double jeopardy.

---

[4]    The fines mandated by two of these subsections may be waived when the defendant is indigent at the time of sentencing and shows good cause for inability to pay. I.C. §§ 72-1025(1), 72-1105(2). Steelsmith has not asserted that he is indigent.

## C.      Relinquishment of Jurisdiction

Steelsmith next asserts that the district court abused its discretion when it relinquished jurisdiction instead of placing him on probation. The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *E.g.*, *Toohill*, 103 Idaho at 567, 650 P.2d at 709. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant and order execution of the remainder of the sentence is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *Lee*, 117 Idaho at 205-06, 786 P.2d at 596-97.

Steelsmith asserts that probation was appropriate because he expressed remorse and accepted responsibility for his acts, and because he was "an eager participant" in his classes during the period of retained jurisdiction. However, Steelsmith did not complete the alcohol-abuse treatment program during that time, and both the presentence investigation report (PSI) and an addendum (APSI) prepared at the conclusion of the retained jurisdiction period recommended incarceration due to Steelsmith's failure to adequately take responsibility. The PSI reported that Steelsmith "minimized his alcohol use and is in denial about how extensive his alcoholism is." According to the APSI, Steelsmith remained a high risk for reoffending because he would not take responsibility for his behavior or the steps necessary to correct it. Steelsmith also asserts that probation was appropriate because this was his first felony conviction, and that he should therefore be given a more lenient punishment than a habitual offender. However, the record indicates that Steelsmith has a lengthy record of misdemeanor convictions including at least six prior DUI convictions. Neither Steelsmith's participation level in his treatment program nor his prior criminal record weigh in favor of probation.

The district court was justifiably concerned with the need to protect society. Results of a blood draw taken following Steelsmith's arrest show his blood alcohol concentration was nearly three times the legal limit. Steelsmith has a long history of driving under the influence and appeared unwilling address his alcohol abuse. Therefore, the court's decision to relinquish jurisdiction was not an abuse of discretion.

**D.      Rule 35 Sentence Reduction**

Finally, Steelsmith asserts that the district court abused its discretion by denying his motion to reduce his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Steelsmith was originally sentenced to a unified term of imprisonment of ten years with two years fixed. Following a period of retained jurisdiction, the district court reduced Steelsmith's sentence sua sponte to a unified term of seven years with two years fixed. Steelsmith subsequently filed a motion to further reduce his sentence pursuant to I.C.R. 35. In support of the motion, Steelsmith provided letters of support from family members and various documents indicating that he was making progress while incarcerated. The district court determined that this information did not warrant a reduction of sentence. After review of the record, we conclude that Steelsmith's sentence is reasonable and the district court did not abuse its discretion in denying his Rule 35 motion.

## III.

## CONCLUSION

The fines imposed on Steelsmith pursuant to I.C. §§ 18-8010, 72-1025(1), and 72-1105(2), totaling ninety-three dollars, are affirmed. We vacate all other fines, costs, fees, and the three-year suspension of Steelsmith's driver's license, and remand with instructions to the district court to amend Steelsmith's judgment of conviction to suspend his driving privileges for one year from his release from imprisonment. The district court's orders relinquishing jurisdiction and denying Steelsmith's motion for a second reduction of his sentence are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**