**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42024**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 1** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 8, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHELLE ALECE MACE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order rescinding credit on sentence for incarceration served as a condition of probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Michelle Alece Mace was convicted of malicious harassment and after periods of probation and a period of retained jurisdiction, her prison sentence was executed. In an amended order relinquishing jurisdiction, the district court granted credit against Mace's sentence for time she spent in county jail as a condition of probation. However, after Mace filed a motion seeking additional credit for time served, the district court withdrew the previously granted credit for incarceration that was imposed as a condition of probation. Mace appeals, contending that the district court thereby unlawfully increased her sentence.

**I.**

**BACKGROUND**

Mace pleaded guilty to malicious harassment in violation of Idaho Code § 18-7902. The district court withheld judgment and placed Mace on probation for five years. As a condition of

1

that probation, Mace was required to serve 120 days in the county jail. Mace subsequently admitted that she violated her probation by committing a new offense, and the court consequently revoked the withheld judgment, entered a judgment of conviction, and imposed a unified sentence of five years with two years fixed. The court retained jurisdiction pursuant to I.C. § 19-2601(4) and ultimately suspended Mace's sentence and placed her back on probation.

A few months thereafter, the State reported several alleged probation violations. Mace admitted various violations, but the court reinstated her probation. Four months later, the State again alleged numerous violations, some of which Mace admitted. This time, in a June 23, 2011, order, the district court revoked Mace's probation and ordered execution of the previously pronounced sentence. The court specified that Mace would receive credit on her sentence for 401 days of incarceration prior to the revocation order. About two months later, on August 19, 2011, the district court issued an amended revocation order which increased the credit for prior incarceration to 530 days.[1]

About two and one-half years later, Mace filed a motion for additional credit of several months for periods of incarceration in the county jail. By the time that motion was filed, the district judge who had previously presided over the case had retired and a new district judge assumed the case. The new judge and both parties were in agreement that the prior grant of credit included periods of incarceration served as a condition of probation, for which a defendant is not entitled to credit under Idaho law. Mace argued, however, that once this credit had been granted, it was impermissible for the district court to withdraw it. The district court held that the prior grant of credit was unlawful and therefore must be revoked to bring Mace's sentence into compliance with Idaho law. Accordingly, the district court reduced the previously granted credit from 530 days to 410 days.

On appeal, Mace acknowledges that at the point when her probation was revoked she was not *entitled* to the 120 days of credit for incarceration served as a condition of probation, but she maintains that the district court was authorized to grant that credit as an exercise of its discretion under Idaho Criminal Rule 35(b) to reduce the sentence as a matter of leniency. Once that credit was granted by the first judge, Mace argues, the second judge's subsequent revocation of the credit constituted an unlawful increase in her sentence.

---

[1] What prompted the district court to issue this amended order is not apparent from the record.

## II.

## ANALYSIS

Credit on a prison sentence for periods of incarceration in a county jail is addressed in two statutes: Idaho Code § 18-309[2] governs prejudgment incarceration and I.C. § 19-2603 governs incarceration upon arrest for a probation violation.[3] *See generally State v. Bitkoff*, 157 Idaho 410, 413, 336 P.3d 817, 820 (Ct. App. 2014) (discussing credit for incarceration upon a probation violation); *State v. McCarthy*, 145 Idaho 397, 398-99, 179 P.3d 360, 361-62 (Ct. App. 2008) (same); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989) (discussing credit for prejudgment incarceration). Taken together, these statutes generally entitle a defendant to credit on a sentence for incarceration referable to the offense at issue unless certain exceptions apply. Neither of these statutes expressly address incarceration served as a condition of probation, but in *State v. Banks*, 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992), the Idaho Supreme Court held that a defendant's voluntary acceptance of a period of post-judgment incarceration as a condition of probation amounts to a waiver of a defendant's right to receive credit for that period of incarceration. *See also State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006) (citing *Banks* for the proposition that "a defendant is not entitled to credit for time served after the commencement of probation if the incarceration was imposed as a condition of probation"). Thus, as Mace acknowledges, she had no right to credit for time she spent in jail as a condition of her probation.

---

[2]     Section 18-309 states:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

[3]     Section 19-2603 provides that upon a defendant's arrest for a probation violation:

> [I]f judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of the defendant's sentence shall count from the date of service of such bench warrant.

When credit has been erroneously granted, courts may withdraw the credit to correct the sentence. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014). In *Moore*, the district court initially miscounted the days of the defendant's prejudgment incarceration. As in the present case, the defendant thereafter filed a motion seeking even more credit for time served, which prompted the district court to discover that previously awarded credit was excessive. The district court withdrew the improperly granted credit. On appeal, this Court held that "a district court may only give credit for the correct amount of time . . . the district court does not have discretion to award credit for time served that is either more or less than that." *Id.* We therefore affirmed the order withdrawing previously granted credit. Because *Moore* is indistinguishable from the present case, we hold that the district court here possessed authority to correct Mace's credit for time served by rescinding credit that had been incorrectly granted.

Mace argues, however, that when the first district judge granted the credit in its August 19, 2011, amended order, the court "essentially reduced Ms. Mace's sentence . . . as authorized under Idaho Criminal Rule 35(b)." She argues that once the sentence had been reduced in the exercise of the court's discretion under that rule, withdrawal of that credit amounted to an impermissible lengthening of her sentence.

Rule 35(b) authorizes a court, in its discretion, to reduce a sentence within a limited time after entry of judgment or when probation is revoked. We agree with Mace that the discretion conferred by that rule allows a court to take into account periods of incarceration that were served as a condition of probation and adjust a sentence downward accordingly. We are aware of no rule or public policy that would prohibit a sentencing court from exercising its Rule 35(b) discretion in that manner. However, contrary to Mace's argument, that is not what occurred here. Nothing in the record suggests that the district court viewed or intended its August 19, 2011, order to constitute an exercise of its discretion under Rule 35(b). At no point in that order did the court indicate that it was granting a sentence reduction or exercising discretion. Rather, it appears that the court mistakenly believed that Mace was legally entitled to the additional credit on her sentence. We will not conflate legal error with a purposeful exercise of discretion.

Moreover, even if the August 19, 2011, grant of additional credit was intended by the district court to be an exercise of its Rule 35(b) discretion, it was invalid because the order was untimely for such a purpose. Idaho Criminal Rule 35(b) places strict time limits upon a court's discretion to reduce a sentence. As relevant here, such a reduction must be made "upon

4

revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation." I.C.R. 35(b). A court does not possess jurisdiction to consider an untimely Rule 35(b) motion. *State v. Izaguirre*, 145 Idaho 820, 823 n.2, 186 P.3d 676, 679 n.2 (Ct. App. 2008); *State v. Omey*, 112 Idaho 930, 931, 736 P.2d 1384, 1385 (Ct. App. 1987). The August 19, 2011, amended order was not made upon revocation of Mace's probation or upon a timely motion; it was issued, apparently sua sponte, nearly two months after the court revoked probation. Accordingly, the amended order granting additional credit on Mace's sentence cannot be sustained as a grant of Rule 35(b) relief.

Mace cites *State v. Steelsmith*, 153 Idaho 577, 580, 288 P.3d 132, 135 (Ct. App. 2012), for the proposition that a court may not increase a defendant's sentence after it has been imposed. That case holds that "once a valid sentence has been put into execution, the trial court lacks jurisdiction to thereafter amend or modify the sentence unless a rule or statute authorizes such action." *See id.* at 580, 288 P.3d at 135. Mace argues that this principle precluded the second district judge from withdrawing the credit for the disputed period. To the contrary, however, the *Steelsmith* opinion supports the second judge's correction of Mace's sentence by withdrawing erroneously granted credit for time served. As noted, *Steelsmith* recognized that a sentence may not be modified "unless a rule or statute authorizes such action." Here, the district court's withdrawal of credit that had previously been erroneously granted was authorized by I.C.R. 35(c), which permits a trial court to entertain a motion to "correct a court's computation of credit for time served . . . at any time." In *Moore*, we held that upon receipt of a motion under I.C.R. 35(c) to correct credit for time served, the district court "is not bound to accept either party's calculations of the appropriate credit" and instead carries the "duty to determine the accurate credit for time served as reflected by the record and award that time accordingly." *Moore*, 156 Idaho at 21, 319 P.3d at 505.

The district court's action here is entirely consistent with *Steelsmith*, where the sentencing court had erroneously failed to suspend the defendant's driving privileges and impose certain fines that were mandatory consequences of the conviction. *Steelsmith*, 153 Idaho at 582, 288 P.3d at 137. This Court held that because the sentence was illegal absent the imposition of those consequences, those consequences could be added in order to correct an illegal sentence pursuant to I.C.R. 35(a). *Steelsmith*, 153 Idaho at 582, 288 P.3d at 137. Likewise, in this case, because a correct credit for time served is required, but was incorrectly calculated, I.C.R. 35(c)

5

authorized the court to correct the credit after Mace filed a motion requesting additional credit for time served.

## III.

## CONCLUSION

The district court did not err by withdrawing credit that had been erroneously granted for periods of incarceration that Mace had served as a condition of probation. Therefore, the court's order reducing credit for time served from 530 days to 410 days is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**