**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51665**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 27, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHARLES DAVIS MOONEY, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Superseding judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Charles Davis Mooney, Jr., appeals from the superseding judgment of conviction entered to correct an ambiguity between the orally pronounced sentence and the written sentence contained in the original judgment of conviction. Mooney argues the district court lacked subject matter jurisdiction to rescind the original judgment of conviction and was without authority to enter a superseding judgment of conviction. The State argues the district court had both subject matter jurisdiction and the authority to correct the disparity between the orally pronounced sentence and the sentence contained in the original judgment of conviction. Because the district court had subject matter jurisdiction over the case and the authority to enter a corrected judgment, the judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mooney was under the influence of prescription pain medication when he failed to negotiate an s-curve, drove his vehicle up an embankment and onto another road, ran a red light, and collided head-on with a minivan containing a family of six, causing the minivan to turn sideways and travel backwards down a steep embankment. Mooney was charged with six counts of aggravated battery, Idaho Code §§ 18-907, -903, four counts of injury to a child, I.C. § 18-1501(1), and one count of misdemeanor driving under the influence (DUI), I.C. § 18-8004.

Following a mental health evaluation, Mooney was found incompetent to stand trial and was committed to the custody of the Idaho Department of Health and Welfare. Following his treatment, Mooney was restored to competency. Mooney entered a plea agreement and pleaded guilty to six counts of aggravated battery, four counts of injury to a child, and one count of misdemeanor DUI. For each of the six counts of aggravated battery, Mooney received a unified sentence of three years, with a minimum period of incarceration of one and one-half years, ordered to run consecutively to each other, and credit for time served of 477 days, resulting in an aggregate unified sentence of eighteen years, with a minimum period of incarceration of nine years. On each of the injury to a child charges, Mooney received a unified sentence of two years, with a minimum period of incarceration of one year; these sentences were ordered to run concurrently with all other sentences. At sentencing, the district court stated its intent was to have Mooney serve a minimum of nine years, less the credit for time served of 477 days. However, the judgment of conviction indicated that Mooney was to receive credit for 477 days on each of the ten counts, thereby reducing the aggregate fixed portion on the first six counts to far less than the nine years articulated by the district court.[1] The State filed a motion for clarification of the allocation of the credit for time served and a hearing was held. The district court granted the motion and entered a superseding judgment of conviction. On one count of aggravated battery, the district court imposed a unified sentence of three years, with a minimum period of incarceration of one and one-half years; for the remaining five counts of aggravated battery, the district court imposed a unified sentence of four years and 111 days, with a minimum period of incarceration of two years and 294

---

[1] Effectively, each of the six consecutive sentences of three years with one and one-half years determinate would be reduced by 477 days, instead of only reducing the aggregate nine years determinate by 477 days.

days and ordered all six counts to run consecutively to each other. Given that Mooney would receive credit for time served of 477 days, the aggregate sentence was the same as that indicated by the district court in the original sentencing hearing: an aggregate unified sentence of eighteen years, with a minimum period of incarceration of nine years, less the 477 days of credit for time served. On each of the injury to child charges, Mooney received a unified sentence of two years, with a minimum period of incarceration of one year, ordered to run concurrently with all other sentences. Mooney appeals.

## II.

## STANDARD OF REVIEW

"Jurisdiction, whether over the person or the subject matter, is an issue of law subject to free review." *Hooper v. State*, 150 Idaho 497, 499, 248 P.3d 748, 750 (2011).

## III.

## ANALYSIS

Mooney argues the district court had neither subject matter jurisdiction nor authority to issue a superseding judgment of conviction that increased his sentence. The State argues the district court had both subject matter jurisdiction and authority to enter the superseding judgment.

The district court must have subject matter jurisdiction in a criminal case to consider a motion. "Jurisdiction over the subject-matter is the abstract power to hear a case of a particular kind and character." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). "Subject matter jurisdiction in a criminal case is conferred by the filing of an information, indictment, or complaint alleging an offense was committed in the [s]tate of Idaho." *State v. Gorringe*, 168 Idaho 175, 182, 481 P.3d 723, 730 (2021) (quotation marks and internal citations omitted). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Jakoski*, 139 Idaho at 355, 79 P.3d at 714 (footnote omitted).

In this case, the district court had subject matter jurisdiction to consider the State's motion to clarify the sentence because the district court was granted subject matter jurisdiction when the State filed a complaint charging Mooney with the above crimes. Mooney's judgment of conviction was entered January 31, 2024. The State's motion was filed February 2, 2024. The superseding judgment of conviction was entered February 23, 2024. The State's motion and the superseding

judgment of conviction were filed prior to the expiration of the time for appeal of forty-two days. *See* I.A.R 14. Thus, the district court had subject matter jurisdiction to consider the State's motion and to enter the superseding judgment of conviction.

Next, Mooney argues the district court did not have authority to enter the superseding judgment of conviction. Mooney's argument in his opening brief is as follows:

> No statute or rule authorized the district court to essentially re-sentence Mr. Mooney one month after it imposed and executed his original sentence, and the district court did not cite to any applicable authority in granting the State's motion to clarify. Idaho law clearly prohibits a court from increasing a defendant's sentence after it has been imposed.

Mooney gives a "*see*" cite to *State v. Steelsmith*, 153 Idaho 577, 580, 288 P.3d 132, 135 (Ct. App. 2012) in support of his conclusory argument. A "see" cite is used "when the proposition is not directly stated by the cited authority but obviously follows from it; there is an inferential step between the authority cited and the proposition it supports." THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.2(a), at 62 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020). Mooney's stated proposition does not obviously follow from *Steelsmith*. The issue in *Steelsmith* was whether I.C. § 19-2601(4), the statute that permitted a district court to retain jurisdiction over a defendant, permitted the district court to increase Steelsmith's sentence after it had been executed and following a period of retained jurisdiction. *Steelsmith*, 153 Idaho at 581-82, 288 P.3d at 136-37. The Court held that although the statute did not provide the district court with jurisdiction to do so, Idaho Criminal Rule 35(a) did. The Court held that pursuant to I.C.R 35(a), the district court had the authority to add the mandatory portion of the license suspension and the mandatory portion of the fines to Steelsmith's sentence even after Steelsmith's sentence had been executed because "their prior absence from Steelsmith's sentence made the sentence illegal." *Steelsmith*, 153 Idaho at 582, 288 P.3d at 137. However, the Court then vacated certain costs and fees the district court added to Steelsmith's sentence because they were not a mandatory component of the sentence, and thus, omitting them from the initial judgment of conviction did not render the sentence illegal. *Id.* at 583, 288 P.3d at 138. Because the omission of the discretionary costs and fees did not render the sentence illegal, I.C.R. 35(a) did not authorize the district court to include them months after the sentence had been executed and imposed. *Steelsmith*, 153 Idaho at 583, 288 P.3d at 138.

Mooney provides no cogent argument about how *Steelsmith* applies to his case. Mooney provides no other authority supporting his argument. In the absence of cogent argument or supporting authority, Mooney has waived any claim challenging the district court's authority to

4

enter the superseding judgment of conviction. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). While Mooney responds to several of the State's arguments in his reply brief, Idaho appellate courts will not consider arguments raised for the first time in the appellant's reply brief. *State v. Kimbley*, 173 Idaho 149, 157, 539 P.3d 969, 977 (2023). All of the arguments in Mooney's reply brief could have been raised in the opening brief, particularly the argument raised by the State, and to which Mooney responded, regarding the applicability of I.C.R. 35(a). The breadth of I.C.R. 35(a) was addressed by the Court in *Steelsmith*, the case cited by Mooney, so presumably Mooney was aware of the potential applicability of I.C.R. 35(a) and could have addressed it in his opening brief but chose not to. As a result, he has waived any challenge to the district court's authority to enter the superseding judgment of conviction.

## IV.

## CONCLUSION

The district court had subject matter jurisdiction to rule on the State's motion to clarify sentence. Mooney has waived any challenge to the district court's authority to enter the superseding judgment of conviction. The superseding judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.