**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41660**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )    **2014 Opinion No. 78** |
|      Plaintiff-Respondent, | ) |
| | )    **Filed: September 24, 2014** |
| v. | ) |
| | )    **Stephen W. Kenyon, Clerk** |
| JEFFREY ALAN DENNY, | ) |
| | ) |
|      Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jeffrey Alan Denny appeals from the district court's order denying his motion for credit for time served. For the reasons set forth below, we affirm.

In June 2008, authorities in Idaho located a stolen vehicle that had been used in a robbery in Washington. Police observed Denny exiting the vehicle as they approached. After police contacted Denny and took him into custody, methamphetamine and drug paraphernalia were found in his pocket. Denny also admitted to taking the vehicle.

Denny was charged with possession of a controlled substance, I.C. § 37-2732(c)(1), and receiving or transferring a stolen vehicle, I.C. § 49-228. Pursuant to a plea agreement, Denny entered an *Alford*[1] plea to possession of a controlled substance and the state dismissed the remaining charge. The district court sentenced Denny to a unified term of seven years, with a

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

minimum period of confinement of three years, and retained jurisdiction. At the end of the jurisdictional review period in April 2009, Denny was placed on probation for three years. He was released to the custody of the state of Washington pursuant to a governor's warrant relating to a charge of robbery. Denny was incarcerated in Washington until approximately July 2010, but failed to notify Idaho probation authorities of his release as required by the terms of his probation.

On October 3, 2011, Denny was arrested by Washington officials for being a felon in possession of a firearm.[2] Idaho filed a probation violation report a few days later alleging that Denny had committed several probation violations, including incurring the new charges in Washington. A bench warrant was issued, but because Denny was in custody in Washington, the warrant was not served on him until December 7, 2012. At a subsequent hearing for the probation violation, the state agreed to withdraw the allegation regarding the new charges in Washington and Denny admitted to the remaining allegations. The district court revoked Denny's probation and again retained jurisdiction. At the end of Denny's second review period, the district court relinquished jurisdiction and imposed the underlying sentence.

Denny filed a pro se motion for credit for time served, seeking credit for the time he was incarcerated between his original arrest and his release on probation. He also sought credit for the time he was incarcerated in Washington after the probation violation report was filed on October 7, 2011. The district court partially granted Denny's motion, awarding him 143 days for the time served between his original arrest on June 20, 2008, and his release to probation on April 13, 2009, and 136 days for the time served between the December 7, 2012, service of the bench warrant and imposition of his sentence on April 22, 2013. Denny filed another pro se motion for credit for time served, again requesting credit for the time spent incarcerated in Washington after the probation violation report was filed, which the district court denied on the basis that Denny was being held as the result of the Washington conviction, not the Idaho probation violation, during that time.[3]

---

[2]    Being a felon in possession of a firearm is a Class B felony in Washington and carries a maximum sentence of up to ten years, with no minimum period of incarceration required. *See* RCW §§ 09.41.040(1)(a),(b), and 9A.20.021(1)(b).

[3]    Denny did not challenge either of these decisions on appeal.

Denny then filed a third motion for credit for time served with an accompanying affidavit, which is the subject of this appeal. Denny alleged that he had been notified of the Idaho warrant on October 11, 2011, and was "unable to gain release through bond or otherwise" until he was transported to Idaho on December 12, 2012. He also alleged that he was being held under the Washington charges for only thirty days, which expired on November 2, 2011. The district court again denied the motion. Denny appeals.

The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). We defer to the district court's findings of fact, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

Denny argues that he is entitled to credit for the time he spent incarcerated in Washington after the alleged expiration of his thirty-day Washington sentence on November 2, 2011, until he was served the bench warrant on December 7, 2012. Specifically, he argues that it was the Idaho warrant that prevented his release from custody in Washington at the expiration of his Washington sentence.

Generally, I.C. § 19-2603 governs credit for time served as it relates to the revocation of probation. Under that provision, when a probationer has been arrested upon a probation violation, "the time of the defendant's sentence shall count from the date of service of [the] bench warrant." *Id.* Additionally, Idaho case law requires that a probationer likewise receive credit for time served when he or she has been held on the functional equivalent of a bench warrant. *State v. Kesling*, 155 Idaho 673, 678, 315 P.3d 861, 866 (Ct. App. 2013). For example, in *State v. Buys*, 129 Idaho 122, 922 P.2d 419 (Ct. App. 1996), Buys, who was on probation, was arrested for a new charge and, on the same day, the district court issued an order of incarceration. The basis of the order was that Buys had been charged with a new crime, that Buys's probation officer was conducting an investigation of the incident, and that a probation violation report would be filed thereafter. We held that the order for incarceration was the functional equivalent of a bench warrant issued in connection with an alleged probation violation and therefore that Buys was entitled to credit for time served in jail upon that order. *Id.* at 127-28, 922 P.2d at

3

424-25. *See also Covert*, 143 Idaho at 170, 139 P.3d at 772 (holding that a probationer held on an agent's warrant after being arrested for a new offense was entitled to credit for time served from the date of arrest, not the date of service of the bench warrant, as the agent's warrant had the same effect as a bench warrant in preventing him from being able to bond out on the new charge).

Aside from his affidavit, Denny provides no evidence that it was the Idaho bench warrant or some functional equivalent of a bench warrant that prevented him from bonding out or otherwise being released from custody in Washington during the disputed period. Indeed, the record is largely devoid of documentation showing the nature and disposition of Denny's incarceration in Washington during the disputed period. It is the appellant's responsibility to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Denny has failed to provide any evidence supporting the claims made in his affidavit that he was held in Washington and was not able to be released based on the mere issuance of the Idaho bench warrant. Unlike in *Buys* and *Covert*, Denny has failed to establish that he was held on the functional equivalent of a bench warrant, such as an agent's warrant or an order of incarceration. Indeed, the record indicates to the contrary. During the hearing on the probation violation report, Denny's counsel noted that Denny was arrested for being a felon in possession of a firearm in October 2011 and held for a year in Washington on that charge prior to being brought to Idaho.[4] Additionally, Denny was not served with the bench warrant until December 7, 2012. Thus, the district court's finding that Denny's incarceration in Washington during the disputed period was not the result of either the unserved bench warrant or its functional equivalent is not clearly erroneous. As a result, Denny has failed to show that the district court erred in calculating his credit for time served.

Denny is not entitled to any more credit for time served than has already been awarded by the district court. Accordingly, we affirm the district court's order denying Denny's motion for credit for time served.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

[4] Denny's counsel also noted that the charge was dismissed shortly before Denny was to return to Idaho.