**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43123**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 9** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 12, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL P. MARTIN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order denying Idaho Criminal Rule 35 motion for credit for time served, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Michael P. Martin appeals from the district court's order denying his Idaho Criminal Rule 35(c) motion for credit for time served. Specifically, he argues that his sentence did not reflect the appropriate credit for time served because it did not specify that the credit was to be applied toward both counts. For the reasons set forth below, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Martin was convicted of driving under the influence and leaving the scene of an accident, Idaho Code §§ 18-8004(1)(a), 18-8007. On the first count, the court imposed a unified sentence of ten years, with six years determinate. On the second count, the court imposed a unified sentence of five years, with one year determinate. The court credited Martin with "481 days served against the fixed portion of each sentence" and retained jurisdiction for 180 days.

1

Shortly thereafter, pursuant to a clarification request from the Idaho Department of Correction (IDOC), the court entered a "Sentence Clarification" which stated:

> On Count I, the Defendant's sentence is for ten years, with six years fixed and four years indeterminate, with credit for time served of 481 days against the fixed portion of the sentence. On Count II, the Defendant's sentence is for five years, with one year fixed and four years indeterminate, with credit for time served of 481 days against the fixed portion of the sentence. Thus on Count II, all the fixed time has been served and only indeterminate time remains to be served. The sentences are consecutive.

Following the period of retained jurisdiction, the district court suspended Martin's sentence and ordered probation for a period of ten years. In that order, the district court stated that Martin had "credit for time served of 648 days against the fixed portion of the sentence on each count."

Approximately eighteen months later, in 2012, Martin admitted to violating his probation and the district court revoked Martin's probation and ordered his sentence executed. At the disposition hearing, the judge stated, "I do find that [the original sentence] was an appropriate sentence originally, and I am going to impose the sentence at this time. So I am going to revoke your probation, impose your sentence. I will give you credit for time served in this case." The court imposed the following sentence, amended to reflect an updated credit for time served (amended sentence):

> For a minimum fixed and determinate period of confinement of six (6) years; such fixed minimum period shall thereafter be followed by an indeterminate period of custody of up to four (4) years, for a total term not to exceed ten (10) years on Count I and on Count II a period of five (5) years with one (1) year fixed and four years indeterminate for a total unified sentence of seven (7) years fixed and eight (8) years indeterminate, *to run consecutively to Count I.*[1]
>
> Pursuant to Idaho Code § 18-309, the defendant shall be given credit for the time already served upon the charge specified herein of seven hundred and eighteen (718) days, which includes time spent on the retained jurisdiction program.

In January 2014, Martin filed a pro se "Motion for Order Which Corrects the Order of September 9th, 2013." In his motion, Martin argued that his sentence improperly applied credit for time served only to Count I. The district court dismissed Martin's motion, stating that "the

---

1    The italicized portion of the sentence was added by the court one year later in a corrected order, dated September 9, 2013. It is unclear from the record what prompted the court's correction.

Defendant does not cite a rule or statute under which this request is made." Thus, the court found that it had "no jurisdiction in this criminal case to grant the relief requested" and further suggested that "any writ of habeas corpus must be filed pursuant to Idaho Code § 19-4205."

In January 2015, Martin filed a pro se "Motion for Correction of Miscalculated Sentence ICR 35 subsection (c)," which is the subject of this appeal. As part of that motion, Martin attached his IDOC official time calculation report as an exhibit. In his Rule 35(c) motion, Martin again argued that his sentence improperly applied credit for time served only to Count I. He also argued that his parole eligibility date should have been calculated as approximately April 16, 2016, whereas the IDOC report indicated he would not be eligible for parole until August 18, 2016, on Count I and August 18, 2017, on Count II. Martin argued that his parole eligibility date for Count II did not reflect his original sentence because the court had stated in its clarification order that the fixed portion of Count II was already satisfied. Martin requested that the court enter a new order acknowledging that he was entitled to credit for time served on both counts.

In addressing Martin's Rule 35(c) motion, the district court found that Martin did not present any information that the court's calculation for credit for time served was incorrect. And as related to Martin's contention that the credit was not applied to both counts, the court found that the 718 days were in fact reflected in the IDOC report as credit for time served on both counts. The court dismissed Martin's motion, finding that "the Defendant is asking in this motion that the District Court order the Idaho Department of Corrections to calculate his time differently." The court then repeated its disposition from the earlier dismissal: "The Court has no jurisdiction in this criminal case to grant the relief requested in this motion. Any writ of habeas must be filed pursuant to Idaho Code § 19-4205." Martin timely appeals.

## II.

## ANALYSIS

As a threshold matter, the State contends that Martin's motion for the correction of his sentence pursuant to I.C.R. 35(c) is barred by the doctrine of res judicata. Specifically, the State asserts that Martin is precluded from having the court consider his claim because he brought the same claim in his previous motion, the court dismissed that motion, and Martin failed to appeal the denial of that motion.

In general, the doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues. *Johnson v. State*, 158 Idaho 852, 855, 353 P.3d 1086, 1089

(2015). Under res judicata, a valid final judgment rendered on the merits is an absolute bar to a subsequent action between the same parties on the same claim. *State v. Wolfe*, 158 Idaho 55, 63, 343 P.3d 497, 505 (2015). Thus, res judicata will bar consideration of subsequent Rule 35 motions to the extent those motions attempt to relitigate issues already finally decided in earlier Rule 35 motions. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). There are three requirements for the claim preclusive effects of res judicata to apply: (1) both actions must involve the same parties; (2) the claim alleged to be barred was presented in the first action or could have been raised; and (3) the first action resulted in a final judgment on the merits. *Id.*

The State urges this Court to consider *Rhoades* as dispositive of this case. In *Rhoades*, the defendant filed two separate motions expressly pursuant to Rule 35(c), each of which alleged the same underlying claim, although worded differently. *Rhoades*, 134 Idaho at 862-63, 11 P.3d at 481-82. In concluding that res judicata barred the subsequent motion, the Idaho Supreme Court held that the second motion contained the same claim which was "already decided by the district judge" in the first motion. *Id.* at 864, 11 P.3d at 483. Thus, all three requirements for the claim preclusive effect of res judicata to apply were present in *Rhoades*. *See id.*

Here, unlike in *Rhoades*, the three requirements for claim preclusion to apply are not met. Although the first two requirements are satisfied--both motions involved the same parties and the same underlying issue--the third requirement is unsatisfied. Neither of Martin's motions resulted in a final judgment on the merits. Rather, the court dismissed both because of its perceived lack of authority to decide the action. *See* RESTATEMENT (SECOND) OF JUDGMENTS: SUBJECT MATTER JURISDICTION § 11 (AM. LAW INST. 1982) ("A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action."). Thus, consideration of Martin's Rule 35(c) motion is not precluded by res judicata.

We therefore turn to the merits of Martin's claim: whether the district court erred in dismissing Martin's Rule 35(c) motion for lack of jurisdiction. Questions of jurisdiction are questions of law over which this Court exercises free review. *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 981 (2010). We will defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

4

In dismissing Martin's motion, the district court found that Martin did not present any evidence that the court's calculation of credit for time served was incorrect. It suggested redressability through a writ of habeas corpus pursuant to I.C. § 19-4205. On appeal, Martin maintains that Rule 35(c) was the appropriate method to challenge his amended sentence. Conversely, the State argues that appropriate relief is available only through I.C. § 19-4205. Thus, the crux of this case rests upon a determination as to which procedural mechanism was appropriate to enable the district court to consider Martin's challenge to his amended sentence and his resulting parole eligibility date.

We first conclude that Rule 35(c) was not the appropriate remedy for Martin's claim. Rule 35(c), titled, "Credit for Time Served," states that "a motion to correct a court's computation of credit for time served, granted pursuant to Idaho Code Sections 18-309 or 19-2603, may be made at any time." I.C.R. 35(c). Idaho case law has consistently treated Rule 35(c) as a mechanism to correct a *court's computation* of the credit due to a defendant based upon objective evidence of the time he or she actually spent in confinement prior to imposition of the judgment in the case. *See, e.g.*, *State v. Mace*, 157 Idaho 885, 888, 341 P.3d 602, 605 (Ct. App. 2015) (correcting erroneous computation by withdrawing credit for time not actually served); *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014) (correcting an erroneous computation by awarding additional credit for time actually served).

Here, Martin did not argue that the credit for time served of 718 days is an erroneous calculation. Thus, the issue of correcting an erroneously computed credit was never before the court. Instead, Martin asserted that the court's failure to specify how that credit was to apply to his sentence effectively resulted in an erroneous computation by the IDOC, and thus the underlying sentence required correction. Martin asserts that *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015), establishes that a Rule 35(c) motion is the appropriate judicial remedy to correct not only a court's incorrect computation of credit, but also an improper application of credit for time served.

In *Owens*, the defendant filed a "motion for credit for time served" asking the court to apply credit for time already served to each of his eight consecutive sentences, as he had only received credit for time served on one count. *Id.* at 3, 343 P.3d at 32. In his motion, the defendant challenged the underlying legality of existing case law precedent. *Id.* The district court dismissed his motion, and the defendant appealed. *Id.* In its opinion, the Supreme Court

5

acknowledged that it was reviewing the district court's dismissal of a "motion for credit for time served," but it never referenced a specific rule as the grounds upon which it based its decision. *Id.* However, the Court nonetheless reached the merits of the defendant's claim, conducting a detailed statutory analysis of I.C. § 18-309 and ultimately concluding that conformance with the statute mandated that credit for time served be applied to each count.[2] *Id.* at 6, 343 P.3d at 35. Because the Court decided the underlying illegality argument in the defendant's "motion for credit for time served," the Court in *Owens* effectively treated the defendant's motion pursuant to Rule 35(a). Contrary to Martin's assertions, *Owens* does not support the proposition that Rule 35(c) is an effective means to correct an improper application of credit for time served.

Finally, we conclude that a writ of habeas corpus pursuant to I.C. § 19-4205 is the appropriate remedy for Martin's claim. The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). A prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). A prisoner challenging the IDOC's interpretation, application, or calculation of his or her sentence may seek relief by filing a writ of habeas corpus. *Fullmer v. Collard*, 143 Idaho 171, 173-74, 139 P.3d 773, 775-76 (Ct. App. 2006).

Here, the evidence supporting Martin's claim that his credit for time served was not applied to both counts unequivocally implicates a miscalculation by the IDOC in determining Martin's parole eligibility date. We agree with the district court's finding that the IDOC's official time calculation report appears to credit Martin 718 days for time served, as was calculated and pronounced in Martin's amended sentence. And, most significantly, we agree with the district court's finding that the IDOC appears to have applied the credit to *both counts*,

---

[2]     The State correctly notes that *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015), was decided after Martin was sentenced and that the Supreme Court expressly held that *Owens* would apply "only prospectively and to cases now on direct review." *Id.* at 7, 343 P.3d at 36. However, we do not consider whether *Owens* applies in this case to require credit for time served as to both counts. Rather, we consider *Owens* as support for Martin's proposition that Rule 35(c) is the appropriate mechanism for challenging the improper application of credit for time served.

just as the court intended in Martin's original sentence.[3]  However, despite the appearance that the IDOC properly applied Martin's credit, Martin contends that the parole eligibility date does not appear to reflect the application of the credit.  This discrepancy is indicative of an erroneous calculation by the IDOC, not an erroneous application or interpretation of Martin's underlying sentence.  Because Martin's claims involve an alleged miscalculation by the IDOC in determining his parole eligibility date, the appropriate remedy is for Martin to seek relief through a writ of habeas corpus.  The district court lacked jurisdiction to order the IDOC to recalculate Martin's parole eligibility date pursuant to Rule 35(c).  Thus, the district court did not err in dismissing Martin's Rule 35(c) motion.

## III.

## CONCLUSION

Martin's motion did not raise an issue that was capable of resolution by the court via Rule 35(c).  Therefore, we affirm the district court's denial of Martin's Rule 35(c) motion.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

---

[3]     The jail credits and IDOC credits are listed in the column for Count I and again listed in the column for Count II.