**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43625**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 328** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 25, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT WESLEY TIBBITTS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders denying Idaho Criminal Rule 35 motions for credit for time served and reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————————

GRATTON, Chief Judge

Robert Wesley Tibbitts appeals from the district court's orders denying his Idaho Criminal Rule 35 motions for credit for time served and reduction of sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Tibbitts pled guilty to felony driving under the influence (DUI), Idaho Code Sections 18-8004(1)(a) and 18-8005(9). The district court sentenced Tibbitts to ten years with seven years determinate, but suspended the sentence and placed Tibbitts on probation. Tibbitts violated his probation, and the court executed his sentence, crediting him with 121 days of presentence time served and 67 days of time served resulting from the probation violation. The court retained jurisdiction, and Tibbitts entered a retained jurisdiction program in the custody of the Idaho Department of Correction (IDOC).

1

Tibbitts successfully completed the retained jurisdiction program, and the IDOC credited him with 325 days of time served while he was in the program. The district court again suspended Tibbitts' sentence and placed him on probation.

Tibbitts violated his probation a second time by driving under the influence and committing a battery. In a separate case, Tibbitts was convicted for the DUI and battery. The court in that case placed Tibbitts on probation and ordered him to participate in a domestic violence program. At the probation violation hearing in the present case, Tibbitts' trial attorney informed the district court that the court in Tibbitts' other case had ordered him to participate in a domestic violence program. The court in the present case executed Tibbitts' sentence, crediting him with seventy-five days of time served resulting from the second probation violation.

Tibbitts filed a Rule 35(b) motion for reduction of sentence in the present case, asking the district court to allow him to participate in the domestic violence program. The court denied Tibbitts' motion.

Tibbitts filed Rule 35(c) motions, asking the district court for credit for time served. The court granted, in part and denied in part, these motions crediting Tibbitts with 5 days of time served for incarceration that occurred between his release from the retained jurisdiction program and placement on probation. In all, the court credited Tibbitts with 268 days of time served. Tibbitts timely appeals.

## II.

## ANALYSIS

Tibbitts asserts the district court erred in denying, in part, his Rule 35(c) motions for credit for time served and abused its discretion in denying his Rule 35(b) motion for reduction of sentence.

### A.    Rule 35(c) Motions for Credit for Time Served

Tibbitts argues the district court erred in denying, in part, his Rule 35(c) motions for credit for time served. Tibbitts asserts the court failed to credit him with 330 days of time served. Of these days, 325 were while he was in the retained jurisdiction program and 5 were between his release from the retained jurisdiction program and placement on probation.

"The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law, which is subject to free review by this

2

Court." *State v. Denny*, 157 Idaho 217, 219, 335 P.3d 62, 64 (Ct. App. 2014). Idaho Code Section 18-309(1) provides for credit for time served "for any period of incarceration prior to entry of judgment." Idaho Code Section 19-2603 provides for "credit for time served from the date of service of a [probation violation] warrant."[1] Thus, courts have jurisdiction to award credit for any presentence incarceration and incarceration occurring after issuance of a probation violation warrant. However, courts do not have jurisdiction to award credit for time served while a defendant is in the custody of the IDOC for a retained jurisdiction program. *See* I.C. § 20-209A (governing Board of Correction's calculation of sentences); *State v. Martin*, 159 Idaho 860, 863-64, 367 P.3d 255, 258-59 (Ct. App. 2016).

Tibbitts' argument does not take into account the district court's lack of jurisdiction to award credit for time served while he was in the custody of the IDOC for his retained jurisdiction program. The record shows that the court properly awarded credit for all time Tibbitts served while the court had jurisdiction over him. Specifically, the record shows the court credited Tibbitts with 121 days of presentence time served, 67 days of time served immediately after his first probation violation, 75 days of time served immediately after his second probation violation, and 5 days of time served for incarceration that occurred between his release from the retained jurisdiction program and placement on probation. Further, the record shows that the IDOC credited Tibbitts with all 325 days of time served while he was in the retained jurisdiction program.[2] Thus, Tibbitts received credit for all 330 days he complains about and his argument fails. The district court did not err by failing to credit Tibbitts for time served while he was in the retained jurisdiction program.

### B.     Rule 35(b) Motion for Reduction of Sentence

Tibbitts argues the district court abused its discretion in denying his Rule 35(b) motion for reduction of sentence. According to Tibbitts, the court should have allowed him to

---

[1]     Idaho Code Sections 18-309 and 19-2603 were both amended after the district court's order revoking probation. However, we will use language from the current code sections because the amendments do not affect the substance of the issues in this appeal.

[2]      A prisoner challenging the IDOC's interpretation, application, or calculation of his or her sentence may seek relief by filing a writ of habeas corpus. *State v. Martin*, 159 Idaho 860, 865, 367 P.3d 255, 260 (Ct. App. 2016). Thus, Tibbitts may address any issues he has with the IDOC's interpretation, application, or calculation of his sentence by filing a petition for a writ of habeas corpus.

participate in the domestic violence program ordered by the court in his other case. Tibbitts asserts the court in this case "fail[ed] to recognize the difference between" the domestic violence program and other community-based treatment programs he participated in. Although he reoffended after completing the other programs, Tibbitts claims his outcome in the domestic violence treatment program might have been different because this was his first domestic violence offense, he does well in structured programs, and there is no indication he would have failed.

A motion for reduction of sentence under Rule 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35(b) motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* In conducting our review of the grant or denial of a Rule 35(b) motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993).

4

In this case, Tibbitts failed to present any new information to support his Rule 35(b) motion for reduction of sentence. The district court learned of the order for Tibbitts to participate in a domestic violence program at Tibbitts' probation violation hearing. Thus, the order for Tibbitts to participate in a domestic violence program was not new information presented in Tibbitts' Rule 35(b) motion for reduction of sentence.

Moreover, in denying Tibbitts' Rule 35(b) motion for reduction of sentence, the district court properly focused on the primary sentencing objective of protection of society. The court stated:

> Tibbitts seeks leniency to participate in a new treatment program offered by Bonneville County. Given Tibbitts' history, and the increasing seriousness of his criminal behavior during community-based treatment programs, Tibbitts' present ability to successfully complete a third community-based treatment program is doubtful. After two failed attempts at probation, and another incident of driving under the influence, society must be protected from Tibbitts' apparent inability to control his criminal conduct in the community-setting. Therefore, incarceration is necessary. Tibbitts' unwillingness to abide by the rules of his probation, and his failure to learn from retained jurisdiction, lead to the re-imposition of his original sentence.

The court correctly concluded that protecting society from Tibbitts' criminal acts required Tibbitts' incarceration because community programs had failed to rehabilitate him. For the foregoing reasons, the district court did not abuse its discretion in denying Tibbitts' Rule 35(b) motion for reduction of sentence.

## III.

## CONCLUSION

The district court did not err in denying Tibbitts credit for time served while he was in a retained jurisdiction program and did not abuse its discretion in denying his Rule 35(b) motion for reduction of sentence. The district court's orders denying Tibbitts' Rule 35 motions for credit for time served and reduction of sentence are affirmed.

Judge MELANSON and Judge HUSKEY **CONCUR**.