# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47925

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ZACHARY T. ALLEN,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 4, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Zachary T. Allen appeals from the district court's order denying his motion for credit for time served. Allen argues the district court erred in denying his motion for credit for time served. Because Allen did not argue the district court erred in calculating his pre-judgment credit for time served and because the district court does not have the authority pursuant to a motion for credit for time served to order the Idaho Department of Correction (Department) to calculate credit for time served differently, the district court's order denying Allen's motion for credit for time served is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Allen pled guilty to one count of forgery, a felony, and the State dismissed the related theft charge. The district court sentenced Allen to a unified term of five years, with one and one-half years determinate, and retained jurisdiction. The district court

1

ordered that Allen be "given credit for time served on this case to the date of this judgment." The district court later relinquished jurisdiction upon Allen's request.

Allen filed a pro se motion for credit for time served. In his accompanying affidavit, Allen attested that Department staff members expressed that Allen would not be given credit for time spent during his period of retained jurisdiction because the district court ultimately relinquished jurisdiction. Allen requested the district court to inform the Department that Allen was to be given credit for the time he spent incarcerated, pursuant to Idaho law.

The district court found it unnecessary to hold a hearing on Allen's motion. In its order on the motion, the court stated that Allen was to receive credit for time served, but noted that if Allen wished to challenge the calculation of his credit, he must present evidence to support his assertion that the current calculation was inaccurate. Because that evidence was not included with the motion, the district court declined to address the merits of Allen's claim. Allen timely appealed.

Approximately five months later, Allen filed a second motion for credit for time served. Allen claimed the Department did not properly calculate his time served "against the orders" of the district court, and he included a copy of the Department's time calculation report. The district court found Allen's motion devoid of any evidence that the Department incorrectly recorded his time served and, consequently, denied Allen's second motion for credit for time served.

## II.

## STANDARD OF REVIEW

"The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law, which is subject to free review by this Court." *State v. Denny*, 157 Idaho 217, 219, 335 P.3d 62, 64 (Ct. App. 2014). "We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *State v. Brown*, 163 Idaho 941, 943, 422 P.3d 1147, 1149 (Ct. App. 2018).

## III.

## ANALYSIS

On appeal, Allen's counsel asserts that "[m]indful of the district court's factual finding that nothing in the evidence Mr. Allen submitted in support of his motion for credit for time served showed that the [Department] was miscalculating the time for which Mr. Allen is entitled to credit," Allen maintains that the court erred in denying his motion for credit for time served. In

2

response, the State argues that the district court lacked jurisdiction to correct any alleged error in the Department's calculations and, alternatively, the district court did not err.

The awarding of credit for time served is governed by Idaho Code § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Id.*

However, courts do not have jurisdiction to award credit for time served while a defendant is in the custody of the Department for a retained jurisdiction program. *See* I.C. § 20-209A (governing Board of Correction's calculation of sentences); *State v. Martin*, 159 Idaho 860, 863-64, 367 P.3d 255, 258-59 (Ct. App. 2016). Because a motion for credit for time served only addresses the trial court's calculation of credit for time served, not the Department's calculation, the appropriate mechanism to challenge the calculation is a petition for writ of habeas corpus, not a motion for credit for time served. *Martin*, 159 Idaho at 863-64, 367 P.3d at 258-59. Consequently, trial courts do not have jurisdiction to order the Department to recalculate the credit for time served pursuant to a motion for credit for time served. *Id.* at 865, 367 P.3d at 260.

In Allen's first motion for credit for time served, he claimed the Department did not give him credit for the time he spent in the retained jurisdiction program and asked the district court "to let [the Department] no [sic] that I am being given time served credit on my Prison term." In its order on the motion, the district court reiterated that Allen was to be given credit for time served, but the court declined to address the motion on the merits. Allen then filed a second motion for credit for time served and attached a document to his affidavit that he believed established that the Department was "repetitively knowingly and voluntarily miscalculating the time against the orders issued by the honorable court." The attached document was a one-page copy of the Department's calculation report, which listed various data, including the length of Allen's determinate and indeterminate sentences, date of sentencing, date of determinate and indeterminate sentences, jurisdictional date information, and that he received credit for fifteen days spent in jail.

3

Allen did not challenge the district court's award of pre-judgment credit for time served, for which the court had jurisdiction, but instead, Allen challenged the Department's calculation of credit for time served. However, the appropriate mechanism to challenge the Department's calculation is a petition for writ of habeas corpus, not a motion for credit for time served. Consequently, the district court did not have jurisdiction to order the Department to recalculate the credit for time served. Allen may address any issues he has with the Department's interpretation, application, or calculation of his sentence by filing a petition for a writ of habeas corpus.

Because Allen did not argue that the district court erred in calculating his pre-judgment credit for time served and, under these circumstances, the court did not have the authority to order the Department to calculate Allen's credit for time served differently, the court did not err in denying Allen's motion for credit for time served.

## IV.

## CONCLUSION

The district court did not err in denying Allen's motion for credit for time served because it lacked jurisdiction to order the Department to calculate credit for time served differently, and Allen did not argue the court erred in its own calculations for pre-judgment credit. Accordingly, we affirm the district court's denial of Allen's motion for credit for time served.

Judge GRATTON and Judge LORELLO **CONCUR**.

4