**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51807**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 4, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA JAMES FINCH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Order denying Idaho Criminal Rule 35(a) motion, <u>affirmed</u>.

Joshua Finch; Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Joshua James Finch appeals from the district court's order denying his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. Finch argues the district court erred in denying his motion because the Idaho Department of Correction (IDOC) did not apply his 237 days of credit for time served to his consecutive sentences. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Finch pleaded guilty to one count of aggravated assault, Idaho Code §§ 18-901(b), -905(a) (Count I); one count of unlawful possession of bombs or destructive devices, I.C. §§ 18-3319, -3318, -3321 (Count II); one count unlawful possession of firearms, I.C. § 18-3316 (Count III); and two counts of injury to child, I.C. 18-501(1) (Count V

1

and Count VI).[1] For each of Counts I, II, and III, Finch was sentenced to five years determinate, with the sentences to run concurrently with each other. For Count V, Finch was sentenced to a unified term of ten years, with a minimum period of incarceration of seven years, to run consecutively to Counts I, II, and III. For Count VI, Finch was sentenced to a unified term of ten years, with a minimum period of incarceration of one year, to run consecutively to Count V. The judgment of conviction provides that "the defendant shall receive credit for two hundred thirty-seven (237) days served."

Finch appealed, arguing the district court abused its discretion by imposing excessive sentences. In an unpublished opinion, this Court affirmed Finch's judgment of conviction and sentences. *State v. Finch*, Docket No. 42414 (Ct. App. May 14, 2015) (unpublished).

Eight years into serving his sentences, Finch filed an I.C.R. 35(a) motion to correct an illegal sentence, arguing that he was not given proper credit for his time served. Finch asserted that under *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015), his 237 days of credit for time served must also be applied to each consecutive sentence for Counts V and VI, for a total of 711 days of credit, and IDOC had only applied 237 days to the concurrent sentences for Counts I, II, and III. Although Finch filed an I.C.R. 35(a) motion, based on Finch's argument, the district court considered the motion to be an I.C.R. 35(c) motion. The district court found the judgment of conviction accurately reflected the number of days Finch spent incarcerated before the judgment was entered and Finch's complaint was with IDOC's application of the credited days and not the district court's calculation. Because there was no challenge to the district court's computation of Finch's credit for time served, the district court found that it lacked jurisdiction to tell IDOC how to apply the credited days and denied Finch's motion.

Finch filed another I.C.R. 35(a) motion and renewed his argument that his sentences are illegal under *Owens* and I.C. § 18-309 and must be corrected to reflect 237 days of credit for time served on each of his concurrent and consecutive sentences. Finch argued that while the district court properly calculated his credit for time served as 237 days, pursuant to I.C. § 18-309, the district court did not properly apply the credit to all of Finch's sentences as required under *Owens*.

Finch recognized that *Owens* only applied prospectively and to cases on direct review. Finch, however, asserted that his case properly qualified for application of *Owens* because his

---

[1] Pursuant to Finch's plea agreement, Count IV was dismissed.

2

direct appeal was not final until June 3, 2015, after *Owens* was issued. The district court again denied Finch's I.C.R. 35(a) motion. The district court agreed that *if Owens* applied, Finch is entitled to credit for the time he spent incarcerated prior to the entry of judgment. However, the district court disagreed that it could correct how the calculation was applied by IDOC. The district court explained that an option available to Finch was for Finch to file an application for a writ of habeas corpus under I.C. § 19-4205.

Finch then filed two motions to file his notice of appeal nunc pro tunc contemporaneously with a notice of appeal and various related filings. The district court issued an order denying Finch's motion to file a notice of appeal nunc pro tunc finding the motion was either moot or outside of the district court's jurisdiction to decide. Finch again filed an I.C.R. 35(a) motion to correct an illegal sentence, raising the same arguments based on *Owens* and I.C. § 18-309. The district court denied Finch's motion, again concluding that the district court could not grant the relief Finch requested because Finch was not asserting the district court incorrectly calculated his credit for time served, only that the credited days were applied incorrectly by IDOC. The district court again stated that Finch "simply needs to raise the argument in an application for a writ of habeas corpus where the State Board of Correction will have an opportunity to respond to his arguments." Finch appeals.

## II.

## STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law which is subject to free review by the appellate courts. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

On appeal, Finch renews his argument that his credit for prejudgment incarceration was not properly applied to his concurrent and consecutive sentences and, therefore, his aggregate sentence, as imposed, is illegal in violation of I.C. § 18-309. Finch does not argue the credit for time served of 237 days is an incorrect computation. Instead, Finch argues the district court's

3

failure to specify how that credit applied to his sentence resulted in an incorrect application by IDOC. Finch asserts that under *Owens*, an I.C.R. 35(a) motion is the appropriate judicial remedy to correct not only a court's incorrect computation of credit for time served, but also the improper application of that computation. The State asserts the district court correctly held that the proper avenue for Finch to raise his argument is through a petition for a writ of habeas corpus and the district court lacked jurisdiction to order IDOC to apply Finch's credited time in a specific way.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the trial court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). "A prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner." *State v. Martin*, 159 Idaho 860, 865, 367 P.3d 255, 260 (Ct. App. 2016) (internal citation omitted). The appropriate mechanism to challenge IDOC's interpretation, application, or calculation of a sentence is through filing a petition for a writ of habeas corpus. *Id.* Trial courts do not have jurisdiction to order IDOC to recalculate the credit for time served pursuant to an I.C.R. 35(a) motion. *Martin*, at 865, 367 P.3d 260.

Contrary to Finch's assertions, *Owens* does not support the proposition that I.C.R. 35 is an effective mechanism to correct IDOC's alleged improper application of credit for time served. Although on appeal Finch again presents his arguments as an I.C.R. 35(a) motion to correct an illegal sentence, the relief he seeks involves his credit for time served, I.C.R. 35(c). Idaho Criminal Rule 35(c) addresses only the trial court's computation of the number of days of prejudgment incarceration for which the defendant receives credit. However, I.C.R. 35(c) does not address IDOC's application of that credited time.

4

Finch's claim that his credit for time served was not applied to all five counts implicates a misapplication by IDOC of Finch's credit for time served in determining Finch's parole eligibility date. Thus, Finch must file a petition for a writ of habeas corpus. As this Court has previously held, the district court lacks jurisdiction to order IDOC to recalculate Finch's parole eligibility date pursuant to I.C.R. 35(a) or (c). As a result, the district court did not err in dismissing Finch's I.C.R. 35(a) motion.

## IV.

## CONCLUSION

The district court did not err in denying Finch's motion to correct an illegal sentence because the district court lacked jurisdiction to enter an order to IDOC on the application of Finch's correctly calculated 237 days of credit for time served. Accordingly, we affirm the district court's denial of Finch's I.C.R. 35(a) motion.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.